## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION
## CIVIL ACTION NO. 4:19-CV-00096-HBB

**LEWIS REID HAIRE**                                                                                  **PLAINTIFF**

**VS.**

**ANDREW SAUL, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**                                           **DEFENDANT**

### MEMORANDUM OPINION
### AND ORDER

Plaintiff Lewis Reid Haire filed a complaint seeking judicial review of the final decision of Defendant Andrew Saul, Commissioner of the Social Security Administration (DN 1). The Commissioner moved to dismiss Haire's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack subject matter jurisdiction under 42 U.S.C. § 405(g) (DN 12). Haire filed a memorandum in response (DN 21). The Commissioner filed a reply memorandum (DN 22). For the reasons that follow, the Commissioner's Motion to Dismiss (DN 12) is **GRANTED** and the Complaint is **DISMISSED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 23).

BACKGROUND

On February 22, 2016, Haire filed an application for Old-Age (Retirement) Insurance Benefits (RIB) under Title II of the Social Security Act (DN 14-1 PageID # 54).[1] In a March 3, 2016 Notice of Award, the Social Security Administration ("Agency") determined that Haire was entitled to monthly RIB beginning August 2015 (Id.). The Notice of Award failed to mention that the Windfall Elimination Provision (WEP) applied to Haire's benefits (Id. PageID # 54, 60-62). But the rates provided in the Notice of Award reflected the reduction based on WEP (Id.).

On April 15, 2016, Haire filed a request for reconsideration contesting the Agency's application of WEP to offset his RIB monthly payments based on his receipt of a federal government pension awarded under the Civil Service Retirement System (CSRS) (Id. PageID # 55, 64). Haire explained that a judge assigned the entire CSRS pension to his ex-spouse as alimony in the dissolution of their marriage (Id.).

On May 31, 2016, the Agency dismissed Haire's request for reconsideration because he did not provide new evidence that would change the initial determination that WEP applied (Id. PageID # 55, 67). The Agency explained that the judicial decision Haire submitted showed the judge only awarded one half of the CSRS pension to his ex-wife (Id.). Further, the Agency noted that legally Haire receives the entire pension and half of it is deducted to satisfy a legal obligation he owes to his ex-wife (Id.). Therefore, reasoned the Agency, the reduction of Haire's payment under WEP is correct and proper (Id.).

---

1 The declaration of Chantrice Lyons, Program Analyst in the Operations Support Branch of the Social Security Administration, provides a summary of the 16 Exhibits attached thereto (DN 14-1 PageID # 54-58 citing PageID # 59-120).

On July 5, 2016, Haire filed a request for a hearing to dispute application of WEP to his payments (Id. PageID # 55, 69). By letter dated July 13, 2016, the Agency returned Haire's request for a hearing because the Agency had dismissed his request for reconsideration (Id. PageID # 55, 72). On July 19, 2016, Haire requested reconsideration and included new evidence (Id. PageID # 55, 74-79). The new evidence was a copy of the state court order awarding Haire's divorced spouse his full CSRS monthly benefit (Id.). The Agency's Program Service Center in Birmingham, Alabama, forwarded Haire's hearing request along with all other correspondence to the Office of Hearings Operations in Paducah, Kentucky (Id. PageID # 55-56).

Following a hearing, Administrative Law Judge Marci P. Eaton ("ALJ") issued a fully favorable decision on March 12, 2018 (Id. PageID # 56, 82-89). Specifically, the ALJ found that Haire became entitled to receive Social Security benefits on August 1, 2015 (Id. PageID # 88). Further, the ALJ determined that during the period of entitlement to Social Security benefits, Haire did not receive a pension based on noncovered employment which requires his Social Security benefits to be calculated in accordance with WEP (Id.). The ALJ concluded that Haire's Social Security benefits should not be calculated in accordance with the requirements of WEP (Id. PageID # 89).

On May 2, 2018, the Agency issued a Notice of Change in Benefits informing Haire that the Agency removed the WEP offset from RIB monthly benefits (Id. PageID # 56, 91-93). The Agency paid Haire additional benefits because of the removal of the offset (Id.).

On January 3, 2019, the Agency received a WEP alert from the Office of Personal Management (OPM) regarding Haire's CSRS pension (Id. PageID # 56, 95). The Agency used the evidence to reimpose WEP to Haire's RIB monthly benefits beginning December 2018 (Id. PageID # 56, 95, 97-99).

On March 26, 2019, the Agency issued a Notice of Change in Benefits advising Haire that it had reduced his RIB monthly payment by applying WEP beginning December 2018 (Id. PageID # 56, 97-99). The Agency explained WEP and that Haire receives a pension-his CSRS pension-based on work not covered by Social Security taxes (Id.). The Notice advised Haire of his right to request reconsideration of this determination (Id.). On the same date, Haire filed a request for reconsideration (Id. PageID # 56, 101-02).

On April 18, 2019, the Assistant Regional Commissioner, Processing Center Operations, for the Southeastern Program Service Center of the Agency, issued a memorandum addressed to the Office of Disability Adjudication & Review (Id. PageID # 56-57, 104-07). The Agency explained that the ALJ's decision required review because imposition of WEP was correct based on the Agency's policy and procedure (Id.).

On July 9, 2019, the Agency issued a Notice of Change in Benefits advising Haire that the Agency had reduced his RIB monthly payment by applying WEP beginning with his date of entitlement, August 2015 (Id. PageID # 57, 109-12). The Agency demonstrated an overpayment of $17,633.00 to Haire from August 2014 through May 2019 (Id.). The Notice advised Haire that if he disagreed with the overpayment determination he could request reconsideration and request

waiver of recovery of the overpayment (Id.). On July 15, 2019, Haire filed a request for reconsideration (Id. PageID # 57, 114). Haire did not supply any new evidence in support of his position (Id.).

Meanwhile, on August 7, 2019, Haire filed his complaint before this Court (DN 1). On August 23, 2019, the Appeals Council issued a Notice advising Haire that it had reopened the ALJ's decision dated March 12, 2018, and planned to revise the decision because it is contrary to the law and Agency policy (DN 14-2 PageID #151-56).[2] The Appeals Council indicated that Haire's benefits are subject to calculation under the Windfall Elimination Provision in Section 215(a)(7)(A) of the Social Security Act and 20 C.F.R. §§ 404.213 and 404.243 (Id.). In pertinent part, the Notice explained:

> We acknowledge that in an Order dated August 4, 2006, the Hancock Kentucky Circuit Court directed that one-half of your gross monthly annuity under CSRS be awarded to your former wife as a division of marital property until May 1, 2011, and beginning on June 1, 2011, she was to receive the entire monthly CSRS annuity (Exhibit 10, page 5). In the decision dated March 12, 2019, the Administrative Law Judge stated that, "[t]herefore, the claimant's entitlement to CSRS benefits ceased June 1, 2011" (Decision, page 3). This conclusion is contrary to the law and our policy. Section 215(a)(7)(A) of the Act applies to an individual who first becomes *eligible* after 1985 for a monthly periodic payment. As described above, POMS RS 00605.360 defines "eligible" as when an individual meets all requirements for the pension except for stopping work or filing an application. You stated that you became eligible for CSRS benefits in 1997. The Circuit Court Order acknowledged your eligibility and entitlement to CSRS retirement benefits at least as of August 4, 2006. The Administrative Law Judge's decision erroneously conflates the legal definition of

---

[2] The declaration of Christine Voegele, Acting Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations for the Social Security Administration, provides a summary of the documents in the official file maintained by the Social Security Administration relating to the Title II claim of Louis Reid Haire and attaches as Exhibits copies of those documents (DN 14-2 PageID # 121-59).

> "eligibility" for and "entitlement" to this non-covered pension with your actual receipt of monthly annuity payments. Although your CSRS pension benefits are payable to your ex-wife by judicial order to satisfy your legal obligations to her under your divorce settlement, you are nonetheless still eligible for monthly periodic payments based on employer and/or employee contributions and based on eligibility factors such as age, length of service or earnings. As a result, the Windfall Elimination Provision is applicable to your retirement benefits.
>
> In applying the Windfall Elimination Provision and considering the amount of non-covered monthly pension, POMS RS 00605.364C directs that the Agency determined that gross monthly pension amount payable before reductions, including an assignment of pensions (e.g., spouse's share of pension). Our policy directs that the provision is applicable if you are eligible and entitled to benefits, and we must consider the amount payable *before reductions*, including any assignment of pension benefits to your former spouse. Thus, even though your pension benefits have been assigned by judicial order to your former spouse to satisfy your marital property division obligations, the Windfall Elimination Provision is still applicable. Your circumstances do not fall within any statutory or regulatory exceptions to the required computation of benefits based on eligibility for the pension based on your non-covered employment. Thus, the Windfall Elimination Provision applies to your Retirement Insurance benefits, and the Administrative Law Judge's findings to the contrary are erroneous.
>
> Accordingly, absent additional evidence or compelling legal argument, we plan to issue an unfavorable decision finding that your Retirement Insurance Benefits are subject to calculation under the Windfall Elimination Provision.

(Id. PageID # 153-54). The Appeals Council advised Haire that he may submit argument, submit additional evidence, and may request an appearance before the Appeals Council "within 30 days of the date of this letter" (Id. PageID # 154). The Appeals Council indicated that if we do not hear from you within 30 days, we will then make our planned decision (Id. PageID # 155).

On September 2, 2019, the Agency notified Haire about a change in his RIB payments (DN 14-1 PageID # 57, 116-17). The Agency explained the overpayment recovery as it related to Haire's monthly RIB benefits (Id.). The Agency withheld Haire's September and October 2019 benefit checks to recover the overpayment (Id.). The Agency made a partial payment for November 2019 (Id.).

By letter dated September 3, 2019, Haire acknowledged receipt of the Appeals Council's Notice (DN 8-1 PageID # 25-26). The letter disputed the ability of the Appeals Council to reopen and undo a decision that it failed to timely appeal (Id.). Further, the letter advised the Appeals Council that Haire had filed a complaint in federal district court challenging the legality of the Agency's action to reduce his benefits because the ALJ's decision became binding when the 60-day appeal time expired (Id.). Haire also indicated his belief that any further activity before the Appeals Council would be an exercise in futility because it had already acted without providing him adequate notice and an opportunity to engage on the merits (Id.).

On September 6, 2019, the Appeals Council issued an Order vacating its prior Notice dated August 23, 2019 (DN 14-2 PageID # 158-59). The Appeals Council explained because Haire filed his civil action on August 7, 2019, it did not have jurisdiction to issue the Notice on August 23, 2019 (Id.).

On November 4, 2019, the Agency notified Haire that it withheld a portion of his monthly RIB payment to recover the overpayment (Id. PageID # 57, 119-20). The agency again advised Plaintiff that he would receive $367.00 for November 2019 and December 2019 and his full benefit amount thereafter (Id.). The notice advised Plaintiff that if he disagreed with the decision he could request reconsideration (Id.).

CONCLUSIONS OF LAW

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be brought as either a facial attack or a factual attack. Gentek Bldg. Prods. v. Steel Peel Litig. Trust, 491 F.3d 320, 330 (6th Cir. 2007) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.3d 320, 325 (6th Cir. 1990)). A facial attack is a challenge to the sufficiency of what is alleged in the complaint. Id. When a district court assesses such an attack, it takes the allegations in the complaint as true. Id. Jurisdiction exists if the allegations establish federal claims. Id.

A factual attack, by contrast, is not a challenge to the sufficiency of the pleading's allegations. United States v. Richie, 15 F.3d. 592, 598 (6th Cir. 1994). Rather, it is a challenge to the factual existence of subject matter jurisdiction. Id. When a district court evaluates such an attack, it does not take the allegations in the complaint as true, and it is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. A district court may consider affidavits, documents, and evidence received through a limited evidentiary hearing to resolve jurisdictional facts. *See* Gentek Bldg. Prods., 491 F.3d at 330. Further, a district court may make factual findings to resolve the dispute as to whether subject matter jurisdiction exists. *See* Lovely v. United States, 570 F.3d 778, 781-82 (6th Cir. 2009).

The Commissioner's Rule 12(b)(1) motion presents a factual attack because he relies on affidavits and documents to demonstrate a lack of subject matter jurisdiction. Notably, Haire has the burden of proving the Court has subject matter jurisdiction. Golden, 410 F.3d at 881. S*ee* Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2007) ("When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter.").

Judicial review of cases arising under the Social Security Act is governed by 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210. In pertinent part 42 U.S.C. § 405(g) provides:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g). The Supreme Court has noted that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977). But the statute does not define "final decision," instead leaving it to the Social Security Administration to give meaning to the term through regulations. Sims v. Apfel, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(g) and Weinberger v. Salfi, 422 U.S. 749, 766 (1975)).

The regulations provide that claimants must complete a four-step process before they can obtain review from a federal court. *See* 20 C.F.R. § 404.900(a)(1)-(4). First, claimants must seek an initial determination as to their eligibility. 20 C.F.R. § 404.900(a)(1); Smith v. Berryhill, __ U.S. __, 139 S. Ct. 1765, 1772 (2019). Next, claimants must seek reconsideration of that initial determination. 20 C.F.R. § 404.900(a)(2); Smith, 139 S. Ct. at 1772. Third, claimants must request and receive a hearing conducted by an Administrative Law Judge. 20 C.F.R. § 404.900(a)(3); Smith, 139 S. Ct. at 1772, 1774. Finally, claimants must seek review of the Administrative Law Judge's decision by the Appeals Council. 20 C.F.R. § 404.900(a)(4); Smith, 139 S. Ct. at 1772. If the Appeals Council denies a claimant's request for review, the Administrative Law Judge's decision becomes the "final decision of the Commissioner" and the

claimant is entitled to judicial review in federal district court. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 422.210(a). If the Appeals Council decides to review the case and renders its own decision, then that decision becomes the "final decision of the Commissioner" and the claimant is entitled to judicial review in federal district court. 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 422.210(a). Thus, if a claimant proceeds through all four steps on the merits, he has a "final decision" of the Commissioner and is entitled to judicial review under § 405(g). Smith, 139 S. Ct. at 1772.

1. Arguments of the Parties

The Commissioner argues that the Court should dismiss the Complaint due to a lack of subject matter jurisdiction under 42 U.S.C. § 405(g) because Haire has not exhausted his administrative remedies and received a "final decision" of the Commissioner on the issues raised in the Complaint (DN 12-1 PageID # 39-46 SEALED).[3] The Commissioner points out that Haire timely requested reconsideration of the Notice of Change in Benefits dated March 26, 2019 but has not received a reconsideration determination and cannot exhaust other available administrative remedies because he prematurely filed the instant action (Id.). The Commissioner contends that if the complaint is dismissed, Haire will have the opportunity to exhaust his administrative remedies as to the issues in the Complaint (Id.). Additionally, explains the Commissioner, Haire has not raised a colorable constitutional claim showing that his injury cannot be remedied by the retroactive payment of benefits after exhaustion (Id.).

---

3 The Commissioner suggests that the fully favorable ALJ's decision dated March 12, 2018, is not a "final decision" that could provide a basis for subject matter jurisdiction under 42 U.S.C. § 405(g) because Haire failed to seek review by the Appeals Counsel (DN 12-1 PageID 43 n. 2 citing 20 C.F.R. §§ 404.955, 404.981, 422.210(a)).

Haire argues the claims in his Complaint were raised in his Request for Reconsideration on April 5, 2016, in his requests for a hearing on July 19, 2016 and August 2017, in his hearing before the ALJ on December 17, 2017, and addressed in the ALJ's fully favorable decision on March 12, 2018 (DN 21 PageID # 166-67). Haire reasons that the ALJ's decision is the final decision of the Commissioner because the Agency failed to timely appeal (Id.).[4] Haire points out that more than a year later the Agency issued the March 26, 2019 Notice of Change in Benefits announcing its decision to summarily reinstate the benefit reduction based on WEP (Id.). Haire claims this action by the Agency, taken in disregard of the ALJ's decision, means that he has now exhausted his administrative remedies (Id.). Alternatively, Haire argues the Court has subject matter jurisdiction because he has a colorable constitutional claim, a violation of his due process rights arising out of the Agency's reduction of his monthly payments without the opportunity of a hearing (Id. PageID # 167-68 citing Mathews v. Eldridge, 424 U.S. 319, 333 (1976), Weinberger v. Salfi, 422 U.S. 749 (1975), and Goldberg v. Kelly, 397 U.S. 254, 266 (1970)). Haire assert he has been injured by the Agency's action because he will continue to receive reduced benefits due to application of the WEP and to offset the years of alleged overpayment of benefits (Id.). Haire contends his due process claim is wholly "collateral" to his claim for benefits (Id. citing Califano v. Sanders, 430 U.S. 90, 109 (1977)).

In reply, the Commissioner asserts that the ALJ's decision is not a final decision because the Agency reopened it before Haire filed this civil action (DN 22 PageID # 169-72). He explains that the Agency may reopen a prior decision or determination within 12 months of the initial

---

[4] Haire points out that the May 2, 2018 Notice of Change in Benefits was based on the ALJ's decision that WEP did not apply to his RIB payments (DN 21 PageID # 166-67).

11

determination for any reason, or within four years of the initial determination for good cause (Id. citing 20 C.F.R. §§ 404.987(b), 404.988(a)-(b), 404.989(a)(3)). Here, the Notice of Change of Benefits, dated March 26, 2019, informed Haire that the ALJ's decision had been reopened and altered (Id.). The Commissioner contends while Haire did request reconsideration, a final decision subject to judicial review had not issued before Haire filed this civil action (Id.). The Commissioner argues that Haire failed to present a colorable constitutional claim that would preclude the need to exhaust his administrative remedies and obtain a final decision of the Commissioner (Id. PageID #172-75). He points out that Haire's reliance on Goldberg is misplaced because it was modified by Mathews which held that an evidentiary hearing is not required before termination of Social Security disability benefits and that the Agency's present administrative procedures fully comport with due process[5] (Id. citing Mathews, 424 U.S. at 349).

---

5 The Commissioner asserts that the regulations recognize the mandate in 42 U.S.C. § 404(a)(1) by classifying a determination about "any overpayment" of benefits as a new initial determination, 20 C.F.R. § 404.902(j), separate and apart from a determination about a person's entitlement to benefits, 20 C.F.R. § 404.902(a) (DN 22 PageID # 173-75). The Agency's Program Operations Manual System (POMS) further explains that the Agency receives federal pension data from the Office of Personal Management (OPM) (Id. citing POMS RS 00605.374A). Upon receipt of information from OPM, an alert is generated to the processing center for review of the federal pension (Id. citing POMS RS 00605.374A). The Agency calculates the primary insurance amount taking into account the WEP when initially awarding RIB, but it may recalculate such benefits upon a person obtaining pension entitlement (Id. citing POMS RS 00605.360C.2 and POMS GN 04001.030B.2 ("where a change occurs in the factual situation on which a determination was made, [SSA] may always make a new determination effective with the date of the change in the factual situation . . . regardless of the time that elapses from the original determination before we are made aware of the change in facts")). When a decision is reopened or revised, the Agency's instructions indicate that it will mail a notice of the revision to the claimant advising that the prior determination has been reopened and revised, explain the basis for the revision and the months affected by the revision, and explain that the claimant has a right to reconsideration or hearing as appropriate (Id. citing POMS GN 04001.090B). The Commissioner argues that Haire's due process argument is based on dated law and is inapplicable here because of the above described administrative procedures that fully comport with due process (Id.).

2. Discussion

Haire acknowledges he did not request Appeals Council review of the ALJ's fully favorable written decision dated March 12, 2018. Thus, Haire concedes that he did not complete the final step in the four-step process for exhausting administrative remedies. *See* 20 C.F.R. § 404.900(a)(4); Smith, 139 S. Ct. at 1772. This means the ALJ's decision, although made after a hearing, is not a "final decision" of the Commissioner, and Haire is not entitled to judicial review of that decision under § 405(g). *See* 20 C.F.R. §§ 404.981, 422.210(a); Smith, 139 S. Ct. at 1772.

More importantly, Haire's Complaint is not challenging the ALJ's decision. Rather, Haire is disputing whether the Agency, on its own initiative, can reopen the ALJ's fully favorable decision and revise that decision. What Haire fails to appreciate is that under certain conditions, the Agency "may reopen" a favorable "final determination or decision" on its own initiative and then "revise that determination or decision." 20 C.F.R. § 404.987(a) and (b)[6]; Schwandt v Berryhill, 926 F.3d 1004, 1010-11 (8th Cir. 2019); Johnson v. Comm'r of Soc. Sec., No. 8:13-CV-2593-T-23AEP, 2015 WL 251274, at *11 (M.D. Fla. Jan. 20, 2015); Darling v. Astrue, CV-09-5097-JPH, 2011 WL 1304718, at *4 (E.D. Wash. April 6. 2011); Dickert v. Chater, No. 1:94-CV-747, 1996 WL 354958, at *6 (E.D. Tex. June 19, 1996). To the extent Haire argues that *res judicata* bars a reopening of the ALJ's decision because the 60-day window for Appeals Council review has expired, he is mistaken. The Sixth Circuit has held that the Agency may reopen and revise an Administrative Law Judge's decision after the 60-day window has expired, provided it

---

6 The reopening provisions use the general terms "we," "us," and "our" to describe who has authority to reopen a decision. *See e.g.*, 20 C.F.R. § 404.987. These terms refer to the Agency. 20 C.F.R. § 404.901.

complies with the requirements of 20 C.F.R. §§ 404.987 and 404.988. Ferriell v. Commissioner, 614 F.3d 611, 615-19 (6th Cir. 2010) (the Appeals Council was justified in reopening and revising the Administrative Law Judge's decision).[7]

The conditions under which the Agency may, on its own initiative, reopen a previous determination or decision are set forth in Section 404.988. 20 C.F.R. §§ 404.987(b), 404.988. Section 404.988(a) indicates the Agency may reopen a determination or decision "for any reason" within 12 months of the date of the notice of the initial determination. 20 C.F.R. § 404.988(a). Here, the initial determination is dated March 3, 2016 (DN 14-1 PageID # 60-62 SEALED).[8] The declaration of Chantrice Lyons advises that on January 3, 2019, the Agency received a WEP alert from OPM regarding Haire's CSRS pension (DN 14-1 PageID # 56, 95). Further, she indicates that the Agency relied on this evidence to reimpose WEP to Haire's RIB monthly benefits beginning December 2018 (Id. PageID # 56, 95, 97-99). The Agency's Notice of Change in Benefits dated March 26, 2019, implicitly advised Haire that it had reopened and revised the ALJ's decision (DN 14-1 PageID # 97-99). The Appeals Council's Notice dated August 23, 2019, expressly informed Haire that it was reopening and revising the ALJ's decision (DN 14-2 PageID # 151-56). This evidence in the record indicates that the Agency reopened and

---

[7] The Seventh, Eighth, and Eleventh Circuits have also held that *res judicata* does not bar the Commissioner from revising a determination when the Agency properly reconsiders that determination under 20 C.F.R. §§ 404.987-404.989. Schwandt, 926 F.3d at 1010-11 (citing Dugan v. Sullivan, 957 F.2d 1384, 1387-89 (7th Cir. 1992); Draper v. Sullivan, 899 F.2d 1127, 1130 (11th Cir. 1990) (per curiam)).

[8] The initial determination is the Notice of Award, dated March 3, 2016, that informed Haire of his entitlement to monthly RIB beginning August 2015 (DN 14-1 PageID # 60-62 SEALED). The Appeals Council relied on this date in its Notice (DN 14-2 PageID # 151-52).

revised the ALJ's decision more than 12 months after the date of the notice of the initial determination. Thus, Section 404.988(a) does not apply.

Section 404.988(b) specifies that the Agency may reopen a determination or decision "[w]ithin four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case . . ." 20 C.F.R. § 404.988(b). The referenced regulation reads:

> (a) We will find that there is good cause to reopen a determination or decision if—
>   (1) New and material evidence is furnished;
>   (2) A clerical error in the computation or recomputation of benefits was made; or
>   (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
> (b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

20 C.F.R. § 404.989. The evidence discussed above indicates the Agency reopened and revised the ALJ's decision within four years of the date of the notice of the initial determination. Thus, the time limitation in Section 404.988(b) is satisfied.[9] Regarding the "good cause" requirement, both the Assistant Regional Commissioner's memorandum, dated April 18, 2019, and the Appeals Counsel's Notice, dated August 23, 2019, indicate that the evidence considered in making the decision clearly shows on its face that the ALJ made an error of law in concluding that WEP is not

---

9 The Appeals Council reached the same conclusion in its Notice (DN 14-2 PageID # 151-52).

applicable to Haire's retirement benefits (DN 14-1 PageID # 104-07; DN 14-2 PageID # 152-56). Thus, the Agency had "good cause," as defined in § 404.989(a)(3), to reopen the case and revise the ALJ's decision.

The evidence in the record indicates that after the Agency reopened and revised the ALJ's decision, Haire took appropriate steps to exhaust the administrative remedies. For example, when Haire received the Notice of Change in Benefits dated March 26, 2019, he filed a request for reconsideration and submitted additional evidence in support of his position (DN 14-1 PageID # 97-99, 101-02). When Haire received the Notice of Change in Benefits dated July 9, 2019, he again filed a request for reconsideration (Id. PageID # 109-12, 114). But, before completing the process for exhausting his administrative remedies, Haire divested the Agency of jurisdiction by filing his complaint (DN 1; DN 14-2 PageID # 158-59). Because Haire has not exhausted his administrative remedies, the Agency has not issued a "final decision" of the Commissioner addressing whether WEP applies to Haire's CSRS pension benefits, and the Court is without subject matter jurisdiction under 42 U.S.C. § 405(g) to address that question.

Although the Court would have jurisdiction to decide a colorable claim that Haire was deprived of property without due process of law in violation of the Fifth Amendment of the United States Constitution, Haire's claim is simply not colorable. In reaching this conclusion, the Court notes that the Supreme Court has held that an evidentiary hearing is not required before the Agency's termination of benefits and that the Agency's present administrative procedures fully comport with due process. Mathews, 424 U.S. 319, 335-49 (distinguishing the circumstances from those in Goldberg v. Kelly, 397 U.S. 254 (1970) where the Supreme Court held due process required an evidentiary hearing prior to deprivation of welfare assistance). Further, the Supreme

Court has indicated a court must look to the following factors to identify whether a hearing passes constitutional muster:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Mathews, 424 U.S. at 335. Certainly, Haire's private interest at stake here is potentially great. But the reopening procedures have sought to afford Haire with the opportunity to have his legal argument concerning the applicability of WEP to his RIB and the issue of any overpayment of benefits considered at more than one level in the administrative process.[10] Therefore, the importance of Haire's private interest is outweighed by the low risk of an erroneous deprivation posed by the reopening procedures that the Agency has provided, and the large administrative

---

10 The Commissioner asserts that the regulations recognize the mandate in 42 U.S.C. § 404(a)(1) by classifying a determination about "any overpayment" of benefits as a new initial determination, 20 C.F.R. § 404.902(j), separate and apart from a determination about a person's entitlement to benefits, 20 C.F.R. § 404.902(a) (DN 22 PageID # 173-75). The Agency's Program Operations Manual System (POMS) further explains that the Agency receives federal pension data from the Office of Personal Management (OPM) (Id. citing POMS RS 00605.374A). Upon receipt of information from OPM, an alert is generated to the processing center for review of the federal pension (Id. citing POMS RS 00605.374A). The Agency calculates the primary insurance amount taking into account the WEP when initially awarding RIB, but it may recalculate such benefits upon a person obtaining pension entitlement (Id. citing POMS RS 00605.360C.2 and POMS GN 04001.030B.2 ("where a change occurs in the factual situation on which a determination was made, [SSA] may always make a new determination effective with the date of the change in the factual situation . . . regardless of the time that elapses from the original determination before we are made aware of the change in facts")). When a decision is reopened or revised, the Agency's instructions indicate that it will mail a notice of the revision to the claimant advising that the prior determination has been reopened and revised, explain the basis for the revision and the months affected by the revision, and explain that the claimant has a right to reconsideration or hearing as appropriate (Id. citing POMS GN 04001.090B).

burden associated with the procedures afforded in cases such as Hair's.  In sum, Haire has failed to present a colorable constitutional claim that would preclude the need to exhaust his administrative remedies in order to be entitled to judicial review under § 405(g).

In sum, the Court concludes that the Complaint should be dismissed due to a lack of subject matter jurisdiction under 42 U.S.C. § 405(g) and because Haire has not raised a colorable constitutional claim.  Further, if the Complaint is dismissed, Haire will have the opportunity to exhaust his administrative remedies.

## ORDER

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Dismiss (DN 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Haire's Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction under 42 U.S.C. § 405(g).

August 13, 2020

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:		Counsel